## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## CIVIL ACTION NO. 3:07CV-P234-H

**DAVID TINDELL**
**PLAINTIFF**

v.

**SAL IWEIMRIN *et al.***                                         **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, David Tindell, a convicted inmate formerly incarcerated at the Kentucky State Reformatory filed this action pursuant to 42 U.S.C. § 1983.[1] The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss part of Plaintiff's claims but will allow the remainder to proceed for further development.

Plaintiff's complaint names the following prison officials/employees as Defendants: (1) Sal Iweimrin; (2) Larry Chandler; (3) Roy Washington; (4) Dr. Scott Hass; (5) Dr. Doug Crall; (6) Dr. Khayat, M.D.; (7) Chris Loftus; (8) Susan Reffett; (9) John Rees; (10) Kentucky Department of Corrections; (11) Ron Carey; (12) Clark Taylor; (13) Sherry Spawding; (14) CO Cornellius; (15) CO Morris; (16) Jeffery Dees; (17) Jeanettte Wall; (18) Lucy Strietenberger; (19) Valarie Grigsby; (20) Mike Haun; and (21) Terry Bell. Plaintiff alleges five claims in his complaint, which primarily concern, in one way or another, the treatment he received for his "severe asthma, spinabifida, scoliosis, and 20% lung capacity." Each of Plaintiff's claims will be discussed and analyzed in more detail below.

### I. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or

---

[1] Since filing his complaint, Plaintiff has been released from custody.

employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate

seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.  ANALYSIS

### A.  Kentucky Department of Corrections

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere.  As such, it has two basic requirements:  (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

The Kentucky Department of Corrections ("DOC") is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky.  Exec. Order No. 2004-730 (July 9, 2004); KY. REV. STAT. ANN. § 12.250.  A state and its agencies, however, are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Because the DOC is not a "person" under the Act, the Court will dismiss the claims against the DOC for failure to state a claim upon which relief may be granted.

### B.  Official Capacity Money Damages Claims

The official capacity claims for damages will be dismissed on two bases.  First, Defendants, as state officials and employees sued in their official capacities for damages, are absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution.  *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").  Second, Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacities for monetary damages.  *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the

purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d at1049 (same). Consequently, the § 1983 official capacity claims for damages against Defendants must be dismissed.

**C.**     **Injunctive Relief Claims**

Since filing this action, Plaintiff has been released from custody. An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred). Here, it is clear that Plaintiff would derive no benefit from granting the requested relief. Accordingly, because Plaintiff's claims for injunctive relief have been mooted by his release, the Court will dismiss them.

**D.**     **Remaining Money Damages Claims Against Defendants In Their Individual Capacities**

   **1.**     **Claim One**

In Plaintiff's first claim he alleges that given his medical conditions, Defendants Iweimrin, Washington, Hass, Dr. Crall, Dr. Khayat, Loftus, Reffett, Rees, Chandler, DOC, and Spawding showed a deliberate indifference to his serious medical needs by making him sleep in a dorm without air conditioning and refusing him a portable oxygen device that was previously prescribed to him by a medical doctor.

A prisoner claim brought under 42 U.S.C. § 1983 requires proof of two essential elements: (1) the defendant was a person acting under the color of state law; and (2) the defendant deprived the prisoner of rights, privileges, or immunities secured by the Constitution or laws of the United States of America. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Both elements must be satisfied as to each defendant. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). A plaintiff must also sufficiently allege the personal involvement of each defendant. *See Street*, 102

F.3d at 817-18; *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

Based on a review of Plaintiff's complaint and the attached grievances, it appears that Defendants Iweimrin, Washington, and Dr. Khayat were responsible for Plaintiff's direct medical care. The other Defendants only became involved as part of the grievance procedure. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 Fed. Appx. 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. Plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See, e.g.*, *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (reversing denial of summary judgment to prison officials whose only involvement was the denial of administrative remedies); *Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). As such, the Court will dismiss this claim against all Defendants except Defendants Iweimrin, Washington, and Dr. Khayat.

To sustain a cause of action under § 1983 for failure to provide medical treatment, a plaintiff must demonstrate that the defendants acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Plaintiff alleges that Defendants refused to provide him with a portable oxygen tank for months and forced him to sleep in a dorm without air conditioning during the summer months even though they were aware of the nature of his condition and its requirements. To his complaint Plaintiff attached a letter from his private treating doctor, William Culbertson, stating that Plaintiff has "severe neuromuscular restrictive disease" and needs a "nocturnal positive pressure ventilation" apparatus for the rest of his life and that "if it is not continued I'm sure that his quality of life will suffer and his other medical needs will greatly

increase." On review, the Court will allow Plaintiff's Eighth Amendment claim to proceed against Defendants Iweimrin, Washington, and Dr. Khayat for failure to properly treat Plaintiff's conditions and for forcing him to sleep in quarters without air-conditioning in light of his condition. In permitting this claim to proceed, the Court passes no judgment on the ultimate outcome of the action.

### 2. Claim II & III

In Plaintiff's second and third claims, he recounts a number of grievances that he has filed over the last several months and the unsatisfactory responses he received to those grievances. The grievances concerned: (a) lack of air circulation and air conditioning in Plaintiff's assigned dorm; (b) failure to allow Plaintiff be evaluated by an outside specialist; (c) the prison's new policy of refusing to allow inmates to ask primary providers about items such as extra pillows, mattresses, and alternative clothing; d) a medical card; e) obtaining his medical records; f) pill call lines and times; and g) the posting of memoranda in the prison yard regarding prison events. As already set out above, however, because a prisoner does not have a constitutional right to unfettered access to a prison grievance procedure, Plaintiff cannot maintain a cause of action against Defendants based on the manner in which they handled his numerous grievances. Accordingly, Claims II and III will be dismissed for failure to state a claim upon which relief can be granted.[2]

### 3. Claim IV

In Claim IV, Plaintiff alleges that Defendants Iweimrin, Washington, Dr. Hass, Dr. Crall, Dr. Khayat, Loftus, Reffett, Rees, Chandler, DOC, Spawding, Carey, Streitenberger, Taylor, Cornellius, Morris, Dees, Grisby, Wall, and Bell violated his constitutional rights by retaliating against him for filing grievances. Specifically, Plaintiff alleges that because of his grievances he has "been

---

[2]The Court notes that some of the issues raised in Plaintiff's grievances overlap with his claim that Defendants did not properly treat his medical conditions as set forth in Claim I, which the Court has allowed to proceed for further development.

moved approximately six times. Due to constant moves, I have loss my institutional job. I no longer have access to the inmate population or its' programs or activities that the yard receives." Plaintiff also alleges that he has been harassed and that disciplinary actions have been taken out against him in retaliation for his actions in filing grievances.

From a review of Plaintiff's complaint, it appears that only Defendants Iweimrin, Taylor, Dees, and Cornellius allegedly committed any direct retaliatory actions against Plaintiff. The other Defendants were merely involved in deciding Plaintiff's grievances. As such, Claim IV will be dismissed against all Defendants except Iweimrin, Taylor, Dees, and Cornellius. The Court will allow Plaintiff's retaliation claim to proceed against these Defendants in their individual capacities for money damages for further development.

    **4.**    **Claim V**

Finally, Plaintiff alleges that Defendants Clark and Bell discriminated against him as a result of his disability by denying him access to a prison legal aide training program. The Court will allow this claim to proceed against Defendants Clark and Bell in their individual capacities for money damages for further development.

## IV. CONCLUSION

In conclusion, the Court is dismissing of all Plaintiff's claims except: (1) his Eighth Amendment money damages claim against Defendants Iweimrin, Washington, and Dr. Khayat in their individual capacities for failure to properly treat Plaintiff's "severe asthma, spinabifida, scoliosis, and 20% lung capacity"; (2) his retaliation claim for money damages against Defendants Iweimrin, Taylor, Dees, and Cornellius in their individual capacities; and (3) his discrimination claim for money

8

damages against Defendants Clark and Bell in their individual capacities.

The Court will enter an Order of dismissal and a Scheduling Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
  Defendants
  General Counsel, Justice & Safety Cabinet, Office of Legal Services, Corrections Division, Bush Building, 2nd Floor, 403 Wapping Street, Frankfort, KY 40601

4412.008